**DON DANVERS, Plaintiff**

v.

**SHEUKI DIBRA and ANITA DIBRA, Defendants**

Civil No. 113-1966

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 6, 1967

BAILEY & WOOD (FREDERICK ROSENBERG, ESQ., of counsel), Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

JAMES A. BOUGH, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for defendants*

GORDON, *District Judge*

## MEMORANDUM OPINION

Plaintiff, by his attorneys, Bailey & Wood, Frederick Rosenberg, Esq., of counsel, filed a motion for a new trial in this case, charging that the verdicts of the jury are contrary to the evidence. Counsel argues that the verdict in favor of the defendants is sustained by no evidence and is excessive, while the verdict for the plaintiff is inadequate.

Counsel for the defendants, James A. Bough, Esq., argues that the verdicts are in fact supported by the evidence. Both parties present, in their briefs, summaries of the evidence and draw from them inferences and conclusions as to what the verdicts should or could have been, or not have been.

The trial lasted for five days. There were twenty-two exhibits introduced for the jury's consideration, containing numerous pages of plans and specifications, photographs, a voluminous file of correspondence between the parties over a period of three years, the payroll records of the plaintiff, the reports and conclusions of the experts who testified, and the entire pretrial deposition of the plaintiff which alone contained numerous pages of exhibits.

In addition to the testimony of all the parties, the jury had the benefit of expert testimony offered by both sides, together with the reports of these experts as to their findings on the value of the work in question.

Upon the state of the record, and upon consideration of the evidence presented to the jury for its consideration, the Court is of the opinion that the verdicts of the jury are not against the greater weight of the evidence.

Neither the Court nor counsel are in a position to speculate as to what evidence influenced the jury to find as it did, but the Court is willing to "indulge in all presump-

213

tions in favor of the validity of a verdict." (Ragnar Benson, Inc. v. Kassab, 325 F.2d 591, 594.) In so doing, the Court is unwilling to upset jury findings for which the Court feels there exists material evidence offered in support.

█ It is therefore ORDERED that plaintiff's motion for a new trial be and is hereby denied.