**DUBOIS LEVETTE RUAN, Plaintiff**

v.

**RUDOLPH SHULTERBRANDT, Defendant**

Civil No. 634-1972

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

February 26, 1973

———————

THOMAS D. IRELAND, St. Thomas, V.I., *for plaintiff*

FREDERICK ROSENBERG, St. Thomas, V.I., *for defendant*

HOFFMAN, *Judge*

ORDER

This cause of action arose out of an automobile collision which occurred on August 29, 1970. The complaint was filed on August 18, 1972, and the answer on September 6, 1972. The case was then set for November 29, 1972, but on that date neither attorney appeared, and at the request of the attorneys the matter was set down for January 10, 1973. On this adjourned date both attorneys were present, and the plaintiff's counsel orally advised the court of his desire to amend the complaint to increase the ad damnum to $75,000.00. The court then gave plaintiff until January 24, 1973 to file his motion papers and set argument on the motion for February 14, 1973. In his motion plaintiff requested a transfer of the action to the district court as well as the prayer for $75,000.00. On February 14, 1973, both attorneys advised the court that they did not desire argument on the motion and would submit the matter on the briefs filed with the court. Upon consideration it is hereby

ORDERED that the plaintiff's motion is denied.

At the present time the municipal court has jurisdiction in civil cases up to $10,000.00. The instant complaint requests an award in the amount of $9,900.00. The requested amendment would have the court allow an increase to $75,000.00 and then a transfer to the district court since the amended amount would exceed the court's jurisdiction. This the court cannot do. To do so would fly in the face of the specific provision of (a) of 4 V.I.C. 32, which authorizes the district court, when it is in the interests of justice, to transfer an action from the municipal court to the district court on motion of any party. This section provides that the district court will then have jurisdiction to hear and determine the action. It would seem that the plaintiff's motion should be made in the district court. If the district court sees fit to remove the case, it may on application permit amendment if it determines that the plaintiff has shown sufficient cause.

The motion as indicated is denied and the trial of this action is set for March 28, 1973, to permit the plaintiff in the interim to make such motion to the district court as he deems appropriate.