# GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

## v.

# JERRY MAXEY, Defendant

Criminal No. 308/1988

Territorial Court of the Virgin Islands

Div. of St. Croix

April 21, 1989

ASSISTANT ATTORNEY GENERAL, St. Croix, V.I., *for plaintiff*

DOUGLAS L. CAPDEVILLE, ESQ., St. Croix, V.I., *for defendant*

ELTMAN, *Judge*

# MEMORANDUM OPINION

The defendant has moved to dismiss the criminal complaint charging him with driving under the influence of an intoxicating liquor, ("D.U.I."), 14 V.I.C. § 493(a)(1), on the grounds that the Government has failed to comply with the local court rule requiring that prosecution of such offenses be initiated by a uniform traffic ticket. In determining whether the Government may initiate such a case by way of a criminal complaint instead of a traffic ticket, it is necessary to decide whether local court rules are to be strictly construed, and, if not, whether the defendant has been so prejudiced by the Government's noncompliance with the rule that dismissal of the charge is warranted.

## FACTS

On August 13, 1988, the defendant, Jerry Maxey, was involved in an automobile accident on Watergut Road in Christiansted. Police Officer Luis Nieves was dispatched to the scene, where he apparently interviewed the defendant. Officer Nieves smelled alcohol on the defendant's breath and asked him to perform three field sobriety tests, which the defendant failed. The defendant refused to permit chemical testing of his blood, urine or breath. In the traffic accident report, dated August 13, 1988, Officer Nieves wrote:

> D' was not arrested because I did not see him driving. I close this case.

No traffic ticket was issued. However, on October 14, 1989, a criminal complaint was filed, charging the defendant with D.U.I.

The defendant contends that Territorial Court Rule 151 requires that the prosecution of a traffic offense be initiated by a traffic ticket, not by a criminal complaint. The Government maintains that because the matter is being prosecuted as a criminal rather than as a traffic offense, no traffic ticket was required to have been issued.

## DISCUSSION

Although driving under the influence of an intoxicating liquor is initially a misdemeanor and, upon subsequent conviction, a felony, the statute is located in the Virgin Islands Code at Title 20, chapter 43, which deals with most moving violations involving the

operation of motor vehicles. Thus, a D.U.I offense is something of a hybrid, being both a crime as well as a traffic offense.

The rules of the Territorial Court pertaining to traffic cases appear at 5 V.I.C. App. IV, Rule 151 et seq. Rule 151 provides, in relevant part:

> (a) *Form.* In cases involving violations of statutes, ordinances or regulations relating to the operation or use of motor vehicles, hereinafter designated as "traffic offenses," the complaint and summons shall be in the form prescribed by the district court to be known as the "Uniform Traffic Ticket." ...
>
> (b) *When Used.* The complaint form shall be used in traffic cases, whether the complaint is made by a police or peace officer, or by any other person.

Although no distinction is made in Rule 151 among the various possible traffic offenses, discriminations appear elsewhere. Rule 158 permits the defendant to testify by deposition under certain circumstances, except in cases involving, inter alia, operation of a motor vehicle while under the influence of intoxicating liquor. Rule 160 authorizes the traffic violations clerk to accept pleas of guilty and to determine the fines to be paid, according to a published schedule, except in cases involving, inter alia, operation of a motor vehicle while under the influence of intoxicating liquor.

The defendant argues that Rule 151 must be applied here, not only because a traffic offense requires a uniform traffic ticket and a D.U.I. charge is a traffic offense, but also because the rule is in the nature of a penal statute and therefore must be strictly construed against the Government and liberally in favor of the defendant.

The District Court of the Virgin Islands is empowered to prescribe rules governing the practice and procedure of the Territorial Court. 4 V.I.C. § 83. In addition, the Territorial Court may prescribe its own rules of conduct which are "consistent with law and with the rules prescribed by the District Court ...." Id. As the product of a statutory grant of authority, procedural rules drafted by the District Court for the Territorial Court have the force of law. Tonkin v. Michael, 9 V.I. 172, 174 (D.V.I. 1972). This holding conforms to the general principle that, absent legislative direction or contradiction, local court rules and policies have full legal effect. Mann v. Cracchiolo, 694 P.2d 1134 (Cal. 1985). Express or implied constitutional authorization of judicially promulgated

181

procedural rules is a form of legislative power. Sutherland, *Statutory Construction* § 36.06.

■ However, the strict construction of Rule 151 upon which the defendant insists does not appear to be required by the guide to construction provided by Rule 1:

> These rules govern the practice and procedure in the territorial court. They are intended to provide for the just determination of causes coming within the jurisdiction of the court. They shall be liberally construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.

See also Sutherland, supra at § 67.10; Fed. R. Cr. P. Rule 2. The liberal spirit of construction of the rules permits the exercise of logic and practicality, both of which suggest that the Government has the option to prosecute a D.U.I. case as it would another criminal matter: by way of a criminal complaint rather than a uniform traffic ticket. Such a conclusion might not be warranted, however, where the defendant can show that he has been prejudiced by the Government's failure to prosecute a D.U.I. charge by way of a uniform traffic ticket. City of Cleveland v. Winchell, 444 N.E.2d 465 (Ohio 1981).

The complaint against the defendant was filed on October 14, 1988, two months after the accident occurred. Maxey claims that he was prejudiced by the interval because he had no notice during that time that he would be charged with a crime. But the defendant has not showed how he has been harmed by the delay. According to the police officer's affidavit, the defendant refused to permit his blood, urine or breath to be chemically tested for the presence or percentage of alcohol. If so, he cannot now assert that he was prejudiced by the lack of such an opportunity as a result of the delayed filing of the criminal complaint. In addition, while Maxey may have had no motive for taking photographs of the scene, because he was not ticketed at the time, an investigation or preservation of the accident scene would seem not to go to the gravamen of the offense: driving under the influence of intoxicating liquor.

■ A lapse of time often exists between the investigation of a suspected crime and its prosecution. However, Maxey implies that, while the Government may deliberate before filing charges in a variety of other criminal cases, it may not do so in a D.U.I. matter.

There is no apparent basis for such a distinction. Moreover, even if a D.U.I. case may only be prosecuted by way of a uniform traffic ticket, the defendant's position still would not be tenable, simply because Rule 151 does not require that a traffic ticket be issued at the time of an offense. The Government might have waited from August 13 to October 14 before filing a uniform traffic ticket. Instead, it chose to wait that period of time and then file a criminal complaint. Under the circumstances, it is difficult to see how the latter course has impacted on Maxey's rights. Rule 151 will not be construed as the defendant proposes. Rather, a D.U.I. case may be prosecuted either by the filing of a criminal complaint or a uniform traffic ticket. The defendant's motion to dismiss accordingly will be denied.

## ORDER

For the reasons expressed in the memorandum opinion of even date, it is hereby

ORDERED that the defendant's motion to dismiss is DENIED.