**TREVOR A. RYAN, Plaintiff**
**v.**
**TIONA T. RYAN, Defendant**

Civil No. ST-07-CV-0211
Superior Court of the Virgin Islands
Division of St. Thomas and St. John
April 7, 2010

PEDRO K. WILLIAMS, ESQ., Law Offices of Pedro K. Williams, St. Thomas, USVI, *Attorney for Plaintiff.*

LEMUEL F. CALLWOOD, ESQ., Law Offices of Lemuel F. Callwood, St. Thomas, USVI, *Attorney for Defendant.*

CHRISTIAN, *Judge*

## MEMORANDUM OPINION

(April 7, 2010)

Pending before the Court is the Motion for Allowance of Attorney's Fees and Costs filed by Defendant in the above-captioned civil action.[1] Plaintiff has submitted a written opposition to Defendant's motion as directed by a previous Order of this Court. As set forth below in more detail, Virgin Islands law does not provide for the allowance of the kinds of costs sought by Defendant in this case. Therefore, Defendant's motion will be denied in its entirety.[2]

### I. Background.

Plaintiff initiated this litigation by filing his complaint on April 20, 2007, seeking compensatory, general, and special damages for personal injuries. Specifically, Plaintiff alleged that Defendant poured boiling water on him while his back was turned to her, thus causing him to be burned on his back and hands.[3] On July 6, 2007, the Clerk of the Court entered default against Defendant as requested in Plaintiff's motion. However, as Defendant had filed her answer to Plaintiff's complaint on June 29, 2007, along with affirmative defenses and a counterclaim, said default subsequently was lifted. Plaintiff filed his answer to Defendant's counterclaim on July 10, 2007. On September 24, 2007, this Court

---

[1] The Superior Court has subject matter jurisdiction over this civil action pursuant to V.I. CODE. ANN. tit. 4, § 76(a), as amended.

[2] Neither party requested oral argument on the pending motion. The Court therefore exercises its discretion to decide this matter on the written submissions. SUPER. CT. R. 36(a).

[3] Plaintiff's complaint at ¶¶ 4 and 5.

142

entered an Order directing the parties to mediate this matter in accordance with SUPER. CT. R. 40.

Thereafter, no activity occurred in the case, prompting the Court to issue an Order on March 10, 2008, which directed the parties to advise of the status of the previously ordered mediation or face dismissal of the action. In response thereto, Plaintiff filed an Informative Motion on March 25, 2008, advising the Court that a mediation session had occurred, but the parties were at an impasse. The parties then exchanged written discovery, after which this Court set the matter for a bench trial to take place on September 15, 2008. However, the trial did not occur as Plaintiff sought a continuance based, in part, on Defendant's failure to provide responses to the written discovery Plaintiff propounded months earlier. The Court granted said motion and continued the matter *sine die*.

The case was then re-scheduled for a bench trial to commence on October 28, 2008. The day prior to the trial, Plaintiff filed another Informative Motion with the Court indicating that Plaintiff no longer desired to pursue the matter. Attached to that motion were: 1) a copy of Plaintiff's letter to his counsel indicating his wish to dismiss the case against Defendant; and 2) a copy of an unsigned stipulation of dismissal with spaces for execution by the attorneys for both parties. In the Informative Motion, Plaintiff additionally indicated that the stipulation had been forwarded to Defendant's attorney on September 18, 2008, but he had yet to receive back the executed original from Defendant's counsel for filing with the Court. From the record it appears that a fully executed stipulation was never filed with the Court.

At the October 28, 2008, hearing the Court dismissed the action based on the representations of Defendant's counsel. According to the memorandum of proceedings, Plaintiff's attorney did not appear for the court date. The memorandum of proceedings also indicates that counsel for Defendant stated at said hearing, contrary to the language of the unexecuted stipulation attached to Plaintiff's second Informative Motion, that he would pursue attorney's fees and costs incurred by Defendant during the course of this litigation. On October 29, 2008, Defendant's counsel filed the instant motion with the Court, and counsel for Plaintiff filed his response on December 4, 2008 in accordance with the Order of this Court entered on December 1, 2008.

Defendant is seeking attorney's fees in the amount of $5,800.00, which represents 23.20 hours of services charged at $250.00 per hour. Defendant

also seeks $375.00 for other costs, for a grand total of $6,175.00. Plaintiff, of course, opposes the motion seeking costs. As grounds for his opposition Plaintiff avers that: 1) Defendant is not a prevailing party because this case was resolved pursuant to a negotiated settlement agreement; and 2) Defendant's counsel asserted during the course of mediation that he was handling the matter *pro bono* and, therefore, cannot now seek attorney's fees and costs.

The record before the Court does not provide any evidence of a settlement agreement between the parties other than the assertion of Plaintiff's counsel and the unsigned proposed stipulation of dismissal attached to his second Informative Motion. No executed stipulation or other form of agreement has been submitted by the parties which evidences any settlement. Moreover, there is nothing in the file, other than the bald statement of Plaintiff's counsel in his December 4, 2008 opposition to Plaintiff's motion, to support the contention that Defendant's counsel was handling this case on a *pro bono* basis. However, the Court need not make any further inquiry regarding Plaintiff's contentions in order to dispose of Defendant's motion. It is clear that Virgin Islands law does not empower this Court to allow the types of costs sought by Defendant in this case.

## II. Analysis.

The Court first observes that Defendant's motion does not cite to any statutory provision or procedural rule in support of her request for attorney's fees and costs. However, the Court will treat this motion as one made pursuant to V.I. CODE ANN. tit. 5, §§ 541-547. The Court views such treatment as justified because Defendant's counsel did submit an affidavit which itemizes both the attorney's fees incurred by Defendant and the other costs sought, as required by 5 V.I.C. § 543.

In the Virgin Islands, costs generally are allowable to a prevailing party in litigation. 5 V.I.C. § 541. The allowance of costs to the prevailing party in litigation is not a matter of right, but is an exercise of discretion by the trial court. *E.g., Sebastian v. Estate of Fredericks*, 22 V.I. 78, 86 (Terr. Ct. 1986); *Bedford v. Pueblo Supermarkets of St. Thomas, Inc.*, 18 V.I. 275, 277 (D.V.I. 1981). Moreover, not all costs may be allowed by the Court. Rather, 5 V.I.C. § 541(a), specifies which costs a trial court has the discretion to award to a prevailing party. While precedent indicates that the trial court generally may have some discretion to award costs not

144

specifically authorized by the cost-shifting provisions of Title 5, Chapter 45, Virgin Islands Code, such discretion is far more limited than that which the Court possesses to award the costs itemized in 5 V.I.C. § 541(a). *See, Pedro v. Huggins*, 2010 V.I. LEXIS 18, *12, [WL] (V.I. Super. Ct. 2010) (citations omitted). In this case, Defendant seeks two types of costs — attorney's fees and mediation expenses. The Court will address each of these items separately.

### a. Request for attorney's fees.

Defendant seeks $5,800 for attorneys fees incurred in this litigation. In conjunction with Defendant's pending request, 5 V.I.C. § 541(a)(6) provides that trial courts may allow to a prevailing party in a civil action "Attorney's fees as provided in subsection (b) of this section." Importantly, however, 5 V.I.C. § 541(b) provides limits on the types of cases in which attorney's fees may be sought.

> "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto; **provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous.**" (Emphasis added).

As noted above, this is a case for personal injuries, specifically for burns to Plaintiff's hands and back allegedly occasioned by Defendant pouring boiling water on him. Hence, the Court may not award attorney's fees in this case unless it is determined that Plaintiff's complaint was frivolous.

In order for the Court to find that the Plaintiff's complaint was frivolous it must find that the pleading was "(i) without legal or factual basis; (ii) for the purpose of causing unnecessary delay, or (iii) for the purpose of harassing an opposing party." 5 V.I.C. § 541(c). Defendant has not presented any evidence or argument that Plaintiff's complaint meets any of these three statutory criteria. Moreover, there is nothing on the face of the pleadings or in the other documents in the record on which the Court can find the complaint to be frivolous as defined by law. Inasmuch as the above-quoted language of § 541(b) is clear and unambiguous, this Court is obliged to give effect to the statute as it reads. *See, e.g., In re*

*People of the Virgin Islands*, 49 V.I. 297, 306 (V.I. 2007). Therefore, in light of the express prohibition contained in § 541(b), this Court does not have the discretion to award attorney's fees to Defendant in this personal injury case.

 The Court additionally notes that Defendant's motion is directly contrary to the policy behind the prohibition on the award of attorney's fees in personal injury cases. In *Perez v. Weigers*, 25 V.I. 379 (D.V.I. App. Div. 1990), the Appellate Division of the District Court of the Virgin Islands ("Appellate Division"), considered a constitutional challenge to the statutory prohibition of the allowance of attorney's fees as costs in personal injury cases. In upholding the statute against the equal protection challenge, the Appellate Division stated,

> "Appellant also ignores that the real import of Section 541 is to protect plaintiff's personal injury lawyers. Personal injury litigation is generally performed on contingent-fee basis; this allows clients who lack the resources to pay for legal representation to obtain counsel, and rewards attorneys who accept such work with a substantial fee — typically one-third of any recovery — for the risk of undertaking work that may bear no financial reward. Section 541 serves to insure that personal injury plaintiffs and their attorneys will not have to pay a prevailing defendant for the defense lawyer's fees." 25 V.I. at 384.

Thus, Defendant's instant motion, which seeks to force Plaintiff to bear the litigation costs he incurred in this case, runs counter to both the plain language of the Virgin Islands litigation-cost-shifting statute and the policy behind it. Therefore, to the extent that Defendant seeks indemnification of her attorney's fees in this personal injury case, the Court is constrained to deny her request as it is contrary to Virgin Islands statutory law and policy.

**b. Request for mediation expenses.**

██ With respect to Defendant's instant request for other costs, the Court determines that they also are not allowable under 5 V.I.C. § 541(a). It is worth repeating that not all costs of litigation are allowable under the statute, but, rather, specific qualifying categories of costs are identified in subsections (1) through (6) of § 541(a). In this instance, the affidavit of defense counsel reflects that the $375.00 sought for costs is Defendant's share of the fee for the mediator who attempted to bring resolution to this matter. Mediation fees are not among the six classes of costs which are

recoverable under the litigation-cost-shifting statute. While there is no express prohibition on the award of mediation costs, as there is for attorney's fees in personal injury cases, the Court determines that Rule 40 of the Rules of the Superior Court, which governs mediation practice in cases pending before the Court, does not provide for the allowance of such costs in this case. SUPER. CT. R. 40(e)(7) provides in pertinent part,

> "Each party shall pay one-half or such other proportionate share of the total charges of the mediator as may be agreed upon, unless the mediator and/or the Court determines that one party has not mediated in good faith in which event the total fees may be assessed against the defaulting party by the Court."

Virgin Islands precedent establishes that procedural rules of courts, so long as they are not inconsistent with substantive legislation, have the full effect of law. *See, Gov't of the V.I. v. Maxey*, 24 V.I. 179, 181-182 (Terr. Ct. 1989). Rule 40 does not contravene any provisions of the Virgin Islands Code. Further, Defendant has not provided any evidence or argument that the parties agreed to any mediation fee arrangement other than the one-half per party standard set forth in Rule 40(e)(7). Also, there is no other information in the record before the Court which establishes such an alternative arrangement or that indicates that either party failed to mediate in good faith. The Court also observes that allowing for the shifting of mediation fees may provide a disincentive for parties to enter into mediation freely and inhibit their endeavor to resolve their differences. Such a result would undermine the mediation process, *see*, SUPER. CT. R. 40(a), and also contravene the duty of the Court to interpret its rules to avoid "unjustifiable expense and delay" as required by SUPER. CT. R. 1. In light of the express language of SUPER. CT. R. 40, the policies underlying mediation, and the circumstances presented, this Court concludes that awarding Defendant the mediation fees she incurred in the court-ordered mediation process is neither authorized nor appropriate.

### III. Conclusion.

While the Virgin Islands litigation-cost-shifting provisions, 5 V.I.C. §§ 541-547, authorize trial courts to award costs to a prevailing party[4],

---

[4] Inasmuch as the Court has determined that 5 V.I.C. §§ 541 (a) and (b) and SUPER. CT. R. 40 do not authorize the award of any of the costs sought by Defendant in this case as a

that discretion is not without limits. The circumstances of this case plainly dictate that the attorney's fees sought in this action are expressly prohibited by statute and the other costs sought may not be allowed under the rules of this Court. Therefore, Defendant's Motion for Allowance of Attorney's Fees and Costs will be denied in its entirety. The Court will enter an appropriate Order.

matter of law, the Court need not, and does not, address the issue of whether Defendant is a "prevailing party".