NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3656
_____

PEOPLE OF THE VIRGIN ISLANDS

v.

DARYL BLYDEN,
Petitioner

_____

Appeal from the Supreme Court of the Virgin Islands
(Supreme Court Criminal No. 2007-0105)
(Superior Court Criminal No. F399/2005)
Supreme Court Justice: Honorable Rhys S. Hoge

_____

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2011

Before: SCIRICA, RENDELL and AMBRO, Circuit Judges

(Opinion Filed: April 19, 2011)

_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Daryl Blyden appeals the Virgin Islands Supreme Court's ("SCVI") judgment that

upheld his conviction and sentence for, among other crimes, first-degree murder. Blyden

challenges the judgment on two fronts; first, the Trial Court erred in admitting evidence

that was the fruit of an unreasonable search in violation of the Fourth Amendment; and

second, the Trial Court erred in allowing the previous testimony of an absent witness to be read into the record at trial in violation of the Sixth Amendment. We will affirm.

Blyden's first challenge is to the SCVI's judgment to uphold the Trial Court's denial of a motion to suppress evidence as the fruit of an unlawful search. We review the findings of fact relating to such a challenge for clear error and our review of the law is plenary. *United States v. Shields*, 458 F.3d 269, 276 (3d Cir. 2006). In *Terry v. Ohio*, the Supreme Court of the United States held that a police officer may stop and frisk a suspect when acting under a reasonable suspicion. 392 U.S. 1, 30 (1968). Blyden argues that the officer did not possess a reasonable suspicion, but we disagree and his challenge on this ground must fail. The officers were acting on information which was radioed from the crime scene only minutes after the shooting. The radioed message was based on eyewitness information; with a description of the suspect and the direction from which he was traveling. The Appellant was sighted within five minutes. He matched the description and was seen exiting the gut and sweating. These facts were sufficient to create a reasonable suspicion.

Blyden also urges that because the officers drew their guns and handcuffed him, the search actually amounted to an arrest under the Fourth Amendment, requiring the higher justification standard of probable cause. This argument also fails. We held in *Baker v. Monroe Township* that "[t]here is no per se rule that pointing guns at people, or handcuffing them, constitutes arrest." 50 F.3d 1186, 1193 (3d Cir. 1995). Actually, a police officer may take measures "reasonably necessary to protect themselves and maintain the status quo" when stopping a suspect. *United States v. Hensley*, 469 U.S.

2

221, 235 (1985). We conclude that the officers were acting appropriately when they stopped Blyden with guns drawn and immediately handcuffed him, as he was fleeing a shooting and was likely armed.

Blyden's second contention is a Sixth Amendment challenge to the Trial Court's decision to allow the arresting officer's testimony from a suppression hearing to be read into the record after the Trial Court found that the officer was unavailable. Our standard of review here is plenary. *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir. 1998). Whether the Trial Court's decision to admit the officer's previous testimony was in violation of the Sixth Amendment is a close call. However, if it was error to admit the testimony, we see any such error as harmless. *United States v. Jimenez*, 513 F.3d 62, 78 (3d Cir. 2008) ("The erroneous admission of testimonial hearsay in violation of the Confrontation Clause is "'simply an error in the trial process itself' ... [that] we may affirm if the error was harmless." (quoting *United States v. Hinton,* 423 F.3d 355, 361-62 (3d Cir. 2005))).

The Supreme Court has established factors for us to consider when deciding whether such an admission amounts to harmless error; namely, "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Delaware v. Van Arsdall,* 475 U.S. 673, 684 (1986). Here, we find, just as the SCVI found, that the officer's testimony was cumulative in light of the other evidence of record, there was strong evidence linking

3

Blyden to the gun and the gun to the bullets and casings recovered from the body and at the scene, and in light of all of this, the testimony was not very important in view of the prosecution's strong case. Therefore, any error was harmless.

Accordingly, we will affirm.