**MELECIA TERRELL on her own behalf and as next of friend for L.D. and M.T., minors, Appellants/Plaintiffs**

**v.**

**CORAL WORLD, Appellee/Defendant**

S. Ct. Civ. Nos. 2010-0058, 2010-0065

Supreme Court of the Virgin Islands

July 20, 2011

LEE J. ROHN, ESQ., Law Offices of Rohn & Carpenter, LLC, St. Croix, VI, *Attorney for Appellant*.

KEVIN L. KELLER, ESQ., Willcox & Savage, P.C., Norfolk, VA, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(July 20, 2011)

HODGE, C.J. On August 28, 2009, a jury rendered a verdict in Melecia Terrell's favor in a lawsuit against Coral World. Following the favorable verdict, Terrell sought costs for various litigation related expenses. The Superior Court awarded Terrell costs for some of her expenses but denied travel expenses, expert fees, and other miscellaneous expenses. Both Terrell and Coral World appealed the Superior Court's award of costs. On appeal, Terrell argues that both the travel and expert witness expenses were recoverable under title 5, section 541 of the Virgin Islands Code and, therefore, the Superior Court abused its discretion by excluding these expenses, while Coral World argues that the Superior Court abused its discretion by awarding costs that are higher than the costs it approved in its Memorandum Opinion. Because travel expenses are not recoverable expenses under section 541, we will affirm the Superior Court's denial of those expenses. But, because section 541 provides that witness fees are recoverable and does not require or authorize the court to consider non-statutory requirements for recovery, we will reverse the Superior Court's denial of costs for expert witness fees. Lastly, because a significant portion of the Superior Court's award of costs is not in accordance with findings in its Memorandum Opinion, we will reverse the Superior Court's decision with respect to its total award of costs and remand the case to the court for a disposition on costs that is consistent with this opinion.

## I. STATEMENT OF FACTS AND PROCEDURAL POSTURE

On April 9, 2005, Terrell and two minors, L.D. and M.T., visited Coral World, an underwater theme park on St. Thomas. While having lunch, the minors sustained injuries from a falling palm frond, and Terrell witnessed the events from the immediate vicinity.

Terrell filed the instant complaint with the Superior Court on August 25, 2005, on her own behalf and as next of friend for L.D. and M.T. (J.A.

25.) Although the parties settled the minors' claims, Terrell's claim against Coral World proceeded to trial. (J.A. 31.) At the conclusion of the trial, the jury found in favor of Terrell, awarding her damages in the amount of $131,075.00. (J.A. 4-6, 31.) The Superior Court entered judgment in Terrell's favor on August 31, 2009. (J.A. 4, 31.)

On September 16, 2009, Terrell filed a motion for an award of costs pursuant to 5 V.I.C. § 541, seeking a total of $94,820.82 in costs. (J.A. 4, 42-48.) Coral World filed an opposition to Terrell's motion and in response, Terrell filed a reply. (J.A. 3-4, 49-65.) In a June 23, 2010 Memorandum Opinion and Order, the Superior Court granted in part and denied in part Terrell's motion for an award of costs. (J.A. 3, 33-41.) Both Terrell and Coral World separately appealed the June 23, 2010 Opinion and Order, respectively, on July 6, 2010 and July 14, 2010. But while both appeals remained pending in this Court, Coral World filed a Motion for Reconsideration in the Superior Court on July 30, 2010. This Court consolidated those appeals in an October 26, 2010 Order. To date, Coral World's Motion for Reconsideration remains pending in the Superior Court. (J.A. 3.)

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

■■ "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE ANN. tit. 4 § 32(a). The Superior Court's June 23, 2010 Order — subsequent to the court's August 31, 2009 Judgment and Order disposing of the underlying case[1] — fully adjudicates the issue of costs and, therefore, is a final order. *See Rojas v. Two/Morrow Ideas Enters., Inc.*, 53 V.I. 684, 691 (V.I. 2010) (orders entered fully adjudicating the issue of attorney's fees and costs and disposing of all other issues are final appealable orders) (citing *V.I. Gov't Hosps. & Health*

---

[1] Since Coral World did not appeal the August 31, 2009 Judgment, and a motion for costs is not among the motions that toll the time to file a notice of appeal of an otherwise final judgment, *see* V.I.S.CT.R. 5(a)(4) ("A motion for attorney's fees shall not affect the running of the time for appeal."), any challenge to the correctness of the underlying jury verdict has been waived. *See Bernhardt v. Bernhardt*, 51 V.I. 341, 345-46 (V.I. 2009). However, an order granting or denying costs is itself an appealable final judgment. *See V.I. Gov't Hosp. and Health Facilities Corp. v. Gov't*, 50 V.I. 276, 279 (V.I. 2008).

*Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008)). And, we review the Superior Court's award or denial of costs for abuse of discretion. *See Dr. Bernard Heller Found. v. Lee*, 847 F.2d 83, 89 (3d Cir. 1988).

## B. Terrell's Appeal

Title 5, sections 541 through 547 of the Virgin Islands Code govern the award of costs to a prevailing party in civil litigation. Section 541 provides that:

(a) Costs which *may be allowed* in a civil action include:

 (1) Fees of officers, witnesses, and jurors;

 (2) Necessary expenses of taking depositions which are reasonably necessary in the action;

 (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;

 (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;

 (5) Necessary expense of copying any public record, book, or document used as evidence on the trial; and

 (6) Attorney's fees as provided in subsection (b) of this section.[2]

(Emphasis added.) And, section 543 requires that a litigant file a bill of costs as well as an affidavit, "made by himself or by his duly authorized attorney or agent having knowledge of the facts, that [the items are] correct and ha[ve] been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 5 V.I.C. § 543(a)-(b).[3] On appeal, Terrell contends that the Superior Court abused its discretion when it denied certain travel expenses and expert witness fees.

---

[2] Pursuant to subsection (b), "the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous." 5 V.I.C. § 541(b).

[3] The Superior Court's Memorandum Opinion identifies deficiencies with Terrell's affidavit. The court noted the following:

 While the Affirmation of Attorney Green states, "The costs incurred in this case are as follows:" he does not represent that any item of expense was *necessary*. Plaintiff's Reply does include allegations that certain expenses were necessary, but fails to make any of those assertions under oath, as contemplated in the statute. Moreover, most of the expenses listed in the Affirmation are presented with little or no explanation from which the court could conclude that they were necessarily incurred.

## 1. Travel Expenses

Terrell contends that the Superior Court erred by denying travel expenses associated with attending the trial because those expenses are authorized by 5 V.I.C. § 541 and case law interpreting that statute. Coral World, on the other hand, primarily argues that travel expenses — except those necessary for depositions under special circumstances — are not recoverable under section 541(a)(2). We agree that the travel expenses Terrell seeks to recover as costs are not recoverable under section 541.

██ As noted by Coral World, section 541 does not expressly state that travel expenses are allowable costs. Section 541 does, however, allow for "[n]ecessary expenses of taking depositions which are reasonably necessary in the action," and travel expenses for depositions awarded under section 541 have been upheld on appeal. *See, e.g., Heller Found.*, 847 F.2d at 89. But, the Third Circuit in *Heller Foundation* distinguished between travel expenses related to depositions and travel expenses that are not related to any reimbursable costs enumerated in section 541(a), the latter being deemed unrecoverable as a matter of law. *See id.* Terrell does not claim at any point in her appellate brief, and did not claim at any stage of the Superior Court proceedings, that the travel expenses or a portion thereof were related to depositions or any of the other costs specifically authorized by section 541(a). Rather, Terrell has consistently represented that the requested travel expenses relate solely to transporting multiple witnesses from St. Croix to testify at trial on St. Thomas.[4] Thus, Terrell's travel costs, related to transporting witnesses to testify at trial, are not among the list of reimbursable costs under section 541, and are, therefore, unrecoverable pursuant to that statute.[5] *See Heller Found.*, 847 F.2d at 89.

---

(J.A. at 35.) Despite the court's finding that Terrell had not complied with the section 543 affidavit requirements, the court nonetheless went on to assess the expenses Terrell sought to recover as costs and awarded Terrell costs. Neither party, however, addressed Terrell's failure to comply with section 543 requirements. Accordingly, this Court will not *sua sponte* review this issue on appeal.

[4] Initially, Terrell filed her complaint in the St. Croix Division of the Superior Court. However, after the Superior Court granted a motion to dismiss for improper venue, Terrell re-filed her complaint in the St. Thomas and St. John Division.

[5] As discussed more fully in the context of expert witness fees, title 5, section 660 of the Virgin Islands Code provides that witnesses attending trials or depositions shall, in addition to a $4 daily attendance fee, "be reimbursed for [their] necessary and reasonable expenses of travel in going from and returning to [their] place of residence." However, although section

Accordingly, the Superior Court did not abuse its discretion when it denied these expenses.[6]

## 2. *Expert Witness Fees*

Terrell also argues that the Superior Court abused its discretion by denying costs for expenses related to expert witnesses because such costs are recoverable under section 541. Coral World, however, contends that an award of costs under section 541 is discretionary, and that Terrell's expert witness fees are not recoverable in this case because Virgin Islands courts have historically not awarded expert witness fees without prior court approval or evidence of the expert's value and the fee's reasonableness. Although we agree with Terrell that such costs are recoverable without the need for pre-approval or any special showing, we hold that the recovery under section 541[7] is limited to the attendance fees provided for by statute.

---

660 requires witnesses to be reimbursed for their travel expenses when attending either a trial or a deposition, section 541(a)(2) only authorizes recoupment of necessary expenses associated with depositions, and section 541(a)(1) only authorizes recoupment of witness fees without referencing expenses. Thus, applying the traditional rules of statutory construction, it appears that the Legislature chose to exclude expenses associated with transporting witnesses to trial from costs awarded under section 541.

[6] We note that some Virgin Islands courts have held that a trial court possesses the inherent power to tax costs, including assessing costs not specifically enumerated by statute. *See, e.g., Morcher v. Nash*, 32 F. Supp. 2d. 239, 243, 40 V.I. 256 (D.V.I. 1998); *Ryan v. Ryan*, 53 V.I. 140, 145 (V.I. Super. Ct. 2010). However, because Terrell sought an award of costs based solely on section 541, it is not necessary for this Court, as part of this appeal, to consider whether the Superior Court is authorized to assess costs other than those provided for in section 541.

[7] We note that the Uniform Rules of Evidence that were in effect at the time of the underlying trial and the Federal Rules of Evidence that have been recently adopted by the Legislature to replace the Uniform Rules of Evidence, authorize a judge to appoint an expert witness in a civil case, and provide for the taxation of the appointed expert witness's compensation as costs. *See Chinnery v. People*, S. Ct. Crim. No. 2009-0037, 2011 V.I. Supreme LEXIS 14 at *33 (V.I. May 27, 2011) (explaining that the Legislature repealed the Uniform Rules of Evidence and replaced it with the Federal Rules of Evidence on April 7, 2010) (citing *Blyden v. People*, 53 V.I. 637, 658 (V.I. 2010) and Act No. 7161, § 15); 5 V.I.C. § 914 (authorizing appointment of expert by judge); FED. R. EVID. 706(a) (same); 5 V.I.C. § 915 (providing that compensation of expert appointed by judge in a civil case will be "charged as costs in the case" unless a more specific statute establishes a different procedure); FED. R. EVID. 706(b) (same). Because none of the expert witnesses in this case were appointed by the Superior Court, this Court's holding that an award of costs is mandatory without prior court approval or showings of value or reasonableness is limited to costs that are awarded pursuant to section 541; therefore, we do not consider whether any additional showings may be warranted when

In its Memorandum Opinion, the Superior Court cites *Danvers v. Dibra*, 6 V.I. 212 (D.V.I. 1967), for the proposition that barring prior court approval or a showing that the expert witness was valuable and that the fee was reasonable, a litigant will not recover expert witness fees under section 541. The Superior Court denied Terrell an award of costs for her expert witness expenses for failure to comply with these requirements. (J.A. 37-38.) On appeal, Coral World cites *Quetel v. Querrard*, 278 F. Supp. 341, 342, 6 V.I. 214 (D.V.I. 1968) for the same proposition the Superior Court articulated and upon which it based its decision.

Based on the plain meaning of section 541(a)(1), however, there is no indication that the Legislature intended to impose additional or heightened requirements to recover expert witness fees. *See In re Adoption of Sherman*, 49 V.I. 452, 468 (V.I. 2008) (" 'In interpreting a statute, the court looks first to the statute's plain meaning and, if statutory language is facially unambiguous, its inquiry comes to an end.' " (quoting *Lowery v. Ala. Power, Co.*, 483 F.3d 1184, 1199 (11th Cir. 2007))). And, section 541(a)(1) does not provide that the court should or may consider pre-approval or value and reasonableness when determining whether to award costs for expert witness fees. Therefore, the Superior Court did not have an explicit statutory basis to deny costs for Terrell's expert witness fees based on her failure to obtain pre-approval from the court or to show the value of her experts and the reasonableness of their fees;[8] thus, the Superior Court abused its discretion. *See Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008) ("A district court abuses its

---

seeking to have an appointed expert witness's compensation taxed as costs pursuant to the applicable rules of evidence or other authorities.

[8] Apart from statutory bases for denying costs, the majority of the circuits recognize certain equitable considerations that are grounds — in a court's discretion — to deny costs to a prevailing party even though the party's expenses are recoverable based on statutory requirements. *See, e.g., Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (within court's discretion to deny costs because of misconduct of prevailing party, public importance of case, difficulty of issues, and limited financial resources of losing party). Assuming, without deciding, that any or all of the specific equitable considerations recognized by the circuits are grounds for denying an award of costs, they would not apply here because they were not the basis for the court's decision, nor can the basis for the court's decision be characterized as equitable in nature. The Superior Court denied Terrell's expert witness fees based on her failure to seek pre-approval of her witness expenses, an insufficient showing that the experts were valuable and their fees reasonable, and an insufficiently detailed breakdown of expert witness costs.

discretion when it . . . applies the law improperly, or uses an erroneous legal standard.").

■ Nevertheless, although section 541 allows a prevailing party to recover "fees" for lay and expert witnesses, *see* 5 V.I.C. § 541(a)(1), the term "fees" does not refer to the amount of compensation a witness has received or is entitled to receive. Rather, title 5, section 660 of the Virgin Islands Code, specifies the fees to which witnesses are entitled. Section 660 provides that:

> [A] witness attending in the [Superior Court] of the Virgin Islands, or before a [Superior Court] commissioner, or before any person authorized to take his deposition pursuant to any rule or order of court, shall receive $4 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and shall be reimbursed for his necessary and reasonable expenses of travel in going from and returning to his place of residence.[9]

Section 660 further provides that a witness is entitled to an additional $8 per day for subsistence if the witness resides outside of the judicial division in which the trial is being held.[10] 5 V.I.C. § 660.

Because 5 V.I.C. § 541 and 5 V.I.C. § 660 were modeled after federal statutes, *see Heller Found.*, 847 F.2d at 87, "judicial decisions interpreting the federal statute[s] shall assist this Court in interpreting the same clause found in our local statute." *People v. Pratt*, 50 V.I. 318, 322 (V.I. 2008). Title 28, section 1920 of the United States Code provides that fees for witnesses, among other fees and expenses, may be taxed as costs. And another statute, 28 U.S.C. § 1821, specifies that witnesses are entitled to a $40 per day attendance fee. In analyzing the interplay between these statutes, the United States Supreme Court concluded that section 1821 defines the witness fee, which section 1920 includes as a category of

---

[9] Although section 660 refers to the district court instead of the Superior Court, we have held, in line with the Third Circuit, that the Legislature's enactment of 4 V.I.C. § 76(a) simultaneously expanded the Superior Court's jurisdiction to include all local civil matters while divesting the district court of jurisdiction over these matters, and thereby implicitly repealed references to the district court in Virgin Islands statutory provisions. *See Murrell v. People*, 54 V.I. 338, 353-54 (V.I. 2010) (citing *Parrott v. Gov't of the V.I.*, 230 F.3d 615, 620-21, 43 V.I. 277 (3d Cir. 2000)).

[10] In order to obtain the additional $8 per day, the witness must not be a salaried Virgin Islands or federal government employee or be in custody. *See* 5 V.I.C. § 660.

expenses that may be awarded as costs to a prevailing party. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-41, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987).

In turn, the Third Circuit has concluded that the United States Supreme Court's statutory analysis in *Crawford Fitting* is equally applicable to the District Court of the Virgin Islands when it applies 5 V.I.C. § 541(a), and accordingly, held that 28 U.S.C. § 1821 defines the witness fee that section 541(a) allows the District Court to award as costs to a prevailing party for expert witness expenses. *See Heller Found.*, 847 F.2d at 86-88. Likewise, we find that the same statutory analysis is applicable when the Superior Court awards expert witness fees as costs pursuant to section 541(a), given that witness fees are set at $4 per day by 5 V.I.C. § 660.[11] Thus, we hold that section 660 defines the witness fee — applicable to both lay and expert witnesses — that may be awarded as costs pursuant to section 541(a)(1).

In reaching this decision, we note that Terrell's bill of costs requested $40 — the witness attendance fee authorized by 28 U.S.C § 1821 — as the deposition attendance fee for various witnesses and that the Superior Court approved the payment. (J.A. 20, 39.) This Court, however, can find no authority for applying the fee set forth in section 1821 instead of the fee established under local law. First, section 1821 expressly provides that it applies only to proceedings in "any court of the United States." Although "both the [Superior] Court and the District Court derive their power from the same sovereign, i.e., the U.S. Congress . . . for administrative purposes, Congress has chosen to treat the Virgin Islands as a separate 'sovereign,' and thus 'the [Superior] Court is treated as a state court.' " *Admission of Alvis*, 54 V.I. 408, 413-14 (V.I. 2010) (quoting *Parrott v. Gov't of the V.I.*, 230 F.3d 615, 621, 43 V.I. 277 (3d Cir. 2000) and *Gov't ex rel. Robinson v. Schneider*, 893 F. Supp. 490, 495 (D.V.I. 1995)). Importantly, section 1821 expressly provides that

---

[11] We note that section 660 was last amended in 1957, and at that time — and for several years thereafter — Virgin Islands local courts lacked jurisdiction to hear jury trials, see *Gov't of the V.I. v. Russell*, 477 F.2d 62, 63 (3d Cir. 1973), or civil cases in which the amount in controversy exceeded $10,000, *see Ruan v. Shulterbrandt*, 9 V.I. 191, 193 (V.I. Super. Ct. 1973). Accordingly, once section 1821 was amended to include the District Court, section 660 had relatively little applicability until the subsequent expansion of the Superior Court's jurisdiction to include all civil cases in which the District Court did not have exclusive jurisdiction.

"[a]s used in this section, the term 'court of the United States' includes, in addition to the courts listed in section 451 of this title, any court created by Act of Congress in a territory which is invested with any jurisdiction of a district court of the United States," 28 U.S.C. § 1821(a)(2), thus excluding the Superior Court from its scope. Therefore, 28 U.S.C. § 1821 does not contain any language that could be construed as preempting the attendance fees established in 5 V.I.C. § 660.

 Likewise, although section 21(c) of the Revised Organic Act provides the Legislature and the courts with concurrent authority to establish procedural rules governing court proceedings, *see Phillips v. People*, 51 V.I. 258, 275 (V.I. 2009), this Court can find no authority for the Superior Court to increase the witness attendance fee beyond that set forth in section 660. Although Federal Rule of Civil Procedure 45, which governs subpoenas in federal courts, provides that, when serving a subpoena, one must also "tender[] the fees for 1 day's attendance and the mileage allowed by law," FED. R. CIV. P. 45(b)(1), the rule itself does not expressly reference section 1821, even though that is the statute that would apply in a federal court. Moreover, even if Federal Rule of Civil Procedure 45 could be interpreted as implicitly incorporating section 1821, those provisions are inapplicable to Superior Court proceedings through Superior Court Rule 7 because (1) Superior Court Rule 11 governs subpoenas in the Superior Court, and thus application of Federal Rule of Civil Procedure 45 would render Rule 11 "wholly superfluous," *see Corraspe v. People*, 53 V.I. 470, 482 (V.I. 2010);[12] and (2) section 660 establishes a substantive right that cannot be altered by invoking a

---

[12] We note that the Superior Court has recently applied *Corraspe* to hold that Federal Rule of Civil Procedure 45 is not inconsistent with Superior Court Rule 11 because the federal rule "supplements" the Superior Court rule by creating additional requirements that exceed the minimum provided for in the local rule. *See Bertrand v. Cordiner Enters., Inc.*, 53 V.I. 280, 288 (Super. Ct. 2011). However, this Court has effectively rejected the argument that Superior Court Rule 7 can be invoked to have a federal rule "supplement" a local rule in such a manner. *See Blyden v. People*, 53 V.I. 637, 659 (V.I. 2010), *aff'd by People v. Blyden*, No. 10-3656, 437 Fed. Appx. 127, 2011 U.S. App. LEXIS 7969 (3d Cir. Apr. 19, 2011) (holding that Federal Rule of Evidence 901's requirement that all pieces of evidence be authenticated cannot apply to Superior Court proceedings through Superior Court Rule 7 when local rule of evidence only required authentication of writings).

substantive federal statute through a court rule,[13] *see Gov't of the V.I. v. Durant*, 49 V.I. 366, 373 (V.I. 2008).[14] Accordingly, even if Federal Rule of Civil Procedure Rule 45 could be interpreted in a way that authorizes a $40 witness fee, this Court's prior precedents preclude displacing the $4 fee established in section 660 through invocation of a federal rule.[15]

 Therefore, to the extent that Terrell's expert witnesses were entitled to the $4 per day fee pursuant to section 660, these fees are recoverable under section 541(a)(1). Based on the record, however, it is unclear which witnesses were experts, how many experts were entitled to the $4 per day fee, and the total amount to which Terrell's experts were

---

[13] Importantly, although the Legislature has delegated the power to fix some fees to the Superior Court, this power does not extend to fees that have already been set by statute. *See* 4 V.I.C. § 514.

[14] It is well-established that when a statute authorizes taxation of costs, " 'costs' are not synonymous with expenses unless expressly made so by statute." *Benda v. Fana*, 10 Ohio St. 2d 259, 227 N.E.2d 197, 201 (1967). As the Supreme Court of Ohio succinctly explained, limiting "costs" to what is specifically provided for in a fee-shifting statute is necessary in order to avoid "absurd situations" that the legislature could not have intended, such as placing a litigant "with the burden of paying exorbitant professional witness fees which may very well exceed the amount of the verdict itself." *Id. See also* 20 C.J.S. *Costs* § 123 (2007) ("Fees for expert witnesses, beyond the ordinary fees authorized for witnesses. . . , are not taxable as costs unless there is a statute specifically allowing such an expense."). In other words, to the extent the Legislature wishes for prevailing parties to recover the professional service fee paid to an expert witness, rather than only the expert witness's attendance fee, the Legislature must make its intent clear by expressly authorizing such a recovery in the pertinent statute. *See, e.g.*, MISS. CODE ANN. § 95-5-10(3) (Rev. 2004) (stating that in trespass-to-timber lawsuits, "[a]ll reasonable expert witness fees and attorney's fees shall be assessed as court costs in the discretion of the court.").

Moreover, we again emphasize that in this case, Terrell sought her costs award based solely on section 541, and thus has waived any argument that the Superior Court may possess discretion to make a cost award based on its inherent power or some other authority. Therefore, as noted earlier, this Court declines to consider, as part of this appeal, the correctness of *Morcher v. Nash*, 32 F. Supp. 2d. 239, 40 V.I. 256 (D.V.I. 1998), *Ryan v. Ryan*, 53 V.I. 140 (V.I. Super. Ct. 2010), and similar cases authorizing taxation of costs based on authorities other than section 541.

[15] This Court takes judicial notice of the fact that, although section 660 establishes a $4 witness fee, members of the Virgin Islands Bar have made it a practice to provide witnesses with a $40 fee when serving subpoenas under Superior Court Rule 11. We emphasize that this Court's discussion of section 660 is limited to the analysis of which costs may be awarded to a prevailing party pursuant to section 541. Accordingly, although for purposes of taxation of costs under section 541, a prevailing party may only recover the $4 fee authorized by section 660, this Court's decision should not be construed as a general holding that also establishes the witness fee to be tendered with a Rule 11 subpoena.

591

entitled under section 660. Certain entries in Terrell's Exhibit 1, such as a $19,178 entry for Robert Johnson's trial preparation and testimony, (J.A. 47), clearly demonstrate a claim for reimbursement that is beyond the scope of the reimbursable fees that a witness is entitled to under section 660 for a four day trial, and consequently, is beyond the scope of the fees that may be reimbursed under section 541. However, both the record and the parties' briefs indicate that expert testimony was given at trial. And, such testimony falls within the scope of activity that entitles an expert witness to fees under section 660. *See* 5 V.I.C. § 660. Thus, although we are unable to ascertain, based on the record on appeal, the amount of expert witness fees that are recoverable, we can discern that some portion is in fact recoverable. Accordingly, while we hold that the Superior Court abused its discretion when it denied Terrell's request to recover her expert witness fees, we shall remand this matter to the Superior Court so that it may, in the first instance and consistent with our holding, determine the exact amount of fees Terrell is entitled to pursuant to sections 541 and 660.

## C. Coral World's Cross-Appeal

In its cross-appeal, Coral World contends that the Superior Court erred by awarding Terrell $14,636.07 in costs when its Memorandum Opinion discusses and concludes that $5,871.70 in costs are reimbursable pursuant to section 541. Terrell does not address this argument in her appellate brief.

As correctly noted by Coral World, the Superior Court awarded Terrell costs associated with copying and postage, $728.51;[16] lay witnesses, $1,035.00;[17] and depositions, $4,108.19; and denied costs

---

[16] In its Memorandum Opinion, the Superior Court stated that "Plaintiffs are entitled only to mailing costs evidencing service or publication of summons or notices." (J.A. 39.) The court, however, did not indicate whether it disallowed certain mailing costs. Although Coral World notes this indirectly when it states that the Superior Court awarded Terrell costs associated with copying and postage (up to $728.51), Coral World nonetheless requests that this court reverse the Superior Court's award of costs and revise Terrell's award to $5871.70, including the $728.51 in copying and postage expenses. (Appellant's Br. 11, 18.)

[17] Although it is not clear from the Memorandum Opinion whether the Superior Court applied a $4 or $40 witness fee when it awarded the $1,035.00 in costs attributed to lay witnesses, Coral World has not, as part of its cross-appeal, challenged the validity of the $1,035.00 cost award. Thus, although this Court was required to consider the witness fee

associated with travel, $10,627.80; expert witnesses, $77,307.42; and miscellaneous expenses. The total of these approved costs is $5,871.70. The Superior Court, however, awarded Terrell costs of $14,636.07 in its Memorandum Opinion and Order. The Opinion does not explain or account for the $8,764.37 difference between the total of the specific costs that were approved and the total in costs that were awarded. And, based on the expenses that the Superior Court denied, there is no conceivable way to arrive at the $14,636.07 in costs that were awarded without inclusion of costs that were denied. Therefore, the Superior Court's $14,636.07 award in costs to Terrell was arbitrary and an abuse of discretion. Accordingly, we will reverse the Superior Court's decision with respect to the total costs awarded and remand the case with instructions to adjust the total costs awarded to Terrell in a manner consistent with the Superior Court's Memorandum Opinion.

## III. CONCLUSION

The Superior Court did not abuse its discretion by denying Terrell costs for travel expenses since there is no statutory authority allowing travel expenses for trial to be recovered under 5 V.I.C. § 541. But, because section 541 allows the court to award costs for witness fees which are defined by section 660, without distinguishing between lay or expert witnesses or requiring additional demonstrations for any particular type of witness fees, the Superior Court erred by denying an award of costs for expert witness fees based on Terrell's failure to seek pre-approval for those fees and her failure to successfully show the experts' value and the reasonableness of their fees. Finally, the Superior Court's award of $14,636.07 in costs is inconsistent with the $5,871.70 in costs that it specifically approved in its Memorandum Opinion. Accordingly, we reverse the Superior Court's Memorandum Opinion and Order and remand the case with instructions to assess costs for expert witness fees and adjust Terrell's total award of costs in a manner consistent with this Opinion.

---

issue in the context of determining whether the Superior Court erred when it completely denied taxation of costs for all expert witness fees, Coral World has, by failing to raise the issue as part of its cross-appeal, waived any challenge to how the Superior Court arrived at the $1,035.00 cost award for lay witness fees. Accordingly, on remand, the Superior Court will not be required to re-calculate the $1,035.00 lay witness cost award in light of this Court's interpretation of sections 541 and 660.