### MARTIN D. KRIEGEL, Plaintiff

v.

### ST. THOMAS BEACH RESORTS, INC., d/b/a BOLONGO BAY BEACH AND TENNIS CLUB, Defendant

Civil No. 78-362

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 26, 1981

PETER A. MARTIN, ESQ., St. Thomas, V.I., *for plaintiff*

DAVID O'BRIEN, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case was tried to the Court, sitting without jury. In the findings of fact and conclusion of law heretofore entered by the Court plaintiff was awarded damages in the total sum of $24,517.66. However, because chargeable negligence was attributed to plaintiff, his recovery was reduced by his percentage of negligence (20%), thus resulting in a net award of $19,614.13. The parties are now before the Court on the plaintiff's application for costs and attorney's fees.

Because it seems to the Court that the contest of fees and costs at times generates more heated controversy than the underlying litigation and further because of the constantly recurring request for the allowance of certain items as costs, a few general rules by the Court seem in order. The statement of these principles are for the guidance of litigants in cases decided in this Court from this date forward.

At the outset, the Court would like to emphasize that its discretion to tax costs, particularly with reference to expenses not specifically allowed by statute, should, and will, be sparingly exercised. Farmer v. Arabian Am. Oil Co., 379 U.S. 227 (1964). It goes without saying that in the exercise of its discretion the Court must be guided by considerations of fairness.

■■ The current thought seems to be that expert fees and other statutory costs of litigation are governed by "local precedent". Not so. Expert fees are normally borne by the party incurring such expenses. Dysart v. Remington Rand, Inc., 15 F.R.D. 60 (D.C. Conn. 1952) cert. denied 348 U.S. 861 (1954). It is widely understood, at least in the courts of the Federal system, that generally, experts are entitled to the regular statutory witness fee only, and that costs incurred in excess thereof are not taxable, although upon prior application to the Court and for good cause shown, additional charges may be allowed.

■ It now seems to be generally assumed that expenses incurred in travelling to take depositions, as well as charges for meals and lodging, are properly taxable costs. This does not appear to be the generally accepted view, for absent special circumstances, no allowance is made for such expenditures. Kiefel v. Las Vegas Hacienda, Inc., 404 F.2d 1163 (7th Cir. 1968) cert. denied 395 U.S. 908 (1969).

■■ In some cases compensation for a party's attorney is sought for time spent in taking of depositions. It is the Court's understanding that there is no authorization for the allowance of attorney's fees for the taking of depositions. In a related vein, it appears that deposition costs and fees of medical doctors who treated a party are not generally recoverable as costs. In such instances, the doctors are entitled to no more than the fixed witness fee. Morris v. Carnathan, 63 F.R.D. 374 (D.C. Miss. 1974).

■ Where depositions are taken but not used at trial, the cost of the transcript of such depositions is not recoverable as a matter of right. Johnson et al. v. Baltimore & O. R. Co., 65 F.R.D. 661 (D.C. Ind. 1974) affd. 528 F.2d 1313 (7th Cir. 1976). The cost of the transcript of a deposition though not used at trial may be taxed as cost in the discretion of the Court if the deposition was reasonably necessary for the proper presentation of the case and was not merely investigative in nature. Koppinger v. Cullen-Schlitz & Associates, 513 F.2d 901 (8th Cir. 1975).

■ Charts, maps and the like are being used with increasing frequency. In many instances the utilization of these tools are necessary and helpful. At times, however, they are not. Expenses incurred in the preparation of such exhibits may be taxed as costs in the former instances but not in the latter. Mikel v. Kerr, 499 F.2d 1178 (10th Cir. 1974).

■ Another item commonly in Bills of Cost is for photographing, photocopies or other types of reproductions. Such expenditures should not be taxed as costs where the necessity for them was not shown and they were not introduced in evidence. Equal Employment Opportunity Commission v. New Enterprise Stone & Lime Co., Inc., 74 F.R.D. 628 (D.C. Pa. 1977). In instances where such costs are allowable, it should be shown that the reproductions were virtually indispensible to the development of the case. Exemplifications and copies of documents are items for which an amount may be allowed as costs, once again, when they are necessary to the proper presentation of the case. Mikel v. Kerr, supra.

■ The videotaping of depositions is fast becoming the vogue. Indeed in one case the first inkling the Court had that a deposition had been videotaped was when the technician marched into the courtroom with his replaying equipment. All counsel should be cautioned that hereafter all expenses connected with videotaped depositions will be borne by the party who scheduled any such deposition. Such expenses will not be taxed as costs unless by prior agreement of the parties or prior Order of the Court.

■ A word need be said about counsel admitted pro hac vice. It is only in circumstances in which the most pressing need is established that this Court proposes to award attorney's fees to local counsel and pro hac vice counsel, as well. If a party chooses to invite a lawyer from another jurisdiction to represent him, that is his free choice. This Court, however, finds it unreasonable that such party, should he prevail, would expect to be indemnified for fees incurred by the hiring of two sets of lawyers. Oft-times the case is tried by one counsel or the other. Seldom is it a joint presentation. Barring those cases in which the nature of the presentation is such that it can be best done by more than one trial attorney, in which instances the Court might consider allowances to two or more attorneys from the same firm, there will be no indemnification for fees and expenses of counsel admitted pro hac vice.

Turning now to the instant case, we bear in mind all the foregoing. The following items contained in the Bill of Cost are disallowed in toto: 3C, 3E, 4C, 4D, 4I, 5A, 5B, 5C, 5D and 5E.

■ Item 4B will be allowed in full. It has been the custom to allow such expenses without question. However, the better practice seems to be that such expenses for transcripts of depositions should not be allowed as a matter of course but on the basis of necessity only. Hereafter, therefore, with respect to depositions taken subse-

369

quent to thirty days from the date of this Memorandum and Order, a showing that the taking of the deposition was necessary for the proper conduct and presentation of the case, as distinguished from investigatory purposes, must be made or such amounts will not be allowed.

■ For each witness listed under items 4E and 4F, the statutory witness fee of $30 will be allowed. Absent statutory authority for expenses of transportation, meals and lodging, any amount claimed over and above the statutory fee is disallowed. The same statutory fee will be allowed for the two persons listed in item 4G.

As to item 4H, $97.50 will be allowed, covering emergency room and Cleveland Clinic record. Item 4J will be allowed in full as the Court considers to it to have been necessary to effective case presentation.

■ ■ The problem which confronts the Court with respect to 4B is the result of a misunderstanding, in part. The Court was of the impression that both sides had agreed to the videotaping of Dr. Bergfield's deposition and that it was further agreed that the typed transcript would be prepared also. It now appears that this impression of the Court is subject to some question. In any event, because both sides fully participated in the videotaping and sought to rely on it in their presentation, fairness dictates that the costs be shared. Under this item, therefore, the $125 for the transcript of the plaintiff's deposition and the $251.50 for the transcript of Dr. Bergfield's deposition will be allowed. The cost of videotaping, the Court feels, should be shared equally except that the Court finds and concludes that $425 for playback services is greatly excessive, the more so when compared with the total cost of videotaping the deposition and additionally when one takes into consideration that playback services were essentially equipment rental with very little personal attendance by the technician. The parties will share one half of this cost.

■ In accordance with the above general statements, the Court takes into consideration, in connection with the trial attorney's time spent, the 114.75 hours catalogued under item 3A, plus the 20 hours under item 3D, for a total of 134.75 hours. I will consider this item at the normal rate for this type of litigation, $75 per hour. On this basis we would reach a figure of $10,106.25. All things considered, however, plaintiff will not be entitled to full indemnification. It is true, as counsel for defendant points out, that the nature of the fee arrangement between plaintiff and his counsel has not been

370

detailed. The Court also takes into consideration the gross amount of damages to which it found plaintiff was entitled. The amount of the award measured against the claim of plaintiff does tend to suggest, as defendant argues, that this "was a case which was overblown". Accordingly, indemnification for attorney's fees will be allowed in the amount of $5,000.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that plaintiff be allowed costs in the sum of $2,104.64 and indemnification for attorney's fees in the sum of $5,000.