HUEBNER, APPELLANT; HUEBNER, APPELLEE, *v.* CERVI ET AL., APPELLEES.

(No. 84AP-421—Decided October 25, 1984.)

*Robert W. Suhr,* for appellant.
*Burchfield & Burchfield* and *James R. Burchfield,* for appellees.

McCORMAC, P.J. Roger Huebner, plaintiff-appellant, and Carlene Huebner, plaintiff-appellee, filed a complaint in the Franklin County Municipal Court seeking damages for breach of an oral contract with Cervi & Son Construction Company, defendant-appellee, to construct a fireplace and chimney adjacent to their house. Plaintiffs alleged that the chimney was improperly constructed causing it to pull away from the house, creating a dangerous condition requiring the removal and replacement of the chimney. Plaintiffs sought $3,750 damages.

Defendants answered, admitting that they had constructed a chimney for plaintiffs in September 1977 at a cost of $750, but denying any improper construction.

The case was tried to the court which found that the defects in the chimney, which required its removal and replacement, were caused by the failure of defendant to place the chimney on a footer that was properly dug or poured. Judgment was entered for plaintiffs in the sum of $1,600 and costs. The court refused to allow as costs interpreter fees needed to assist the Huebners, who are deaf, thus requiring the Huebners, the prevailing parties, to pay that expense.

Appellant has asserted the following assignments of error:

"1. The trial court erred in failing to award to the plaintiff a reasonable sum as fees for the appointed interpreter in direct contravention of Section 2311.14 and 2335.06 of the Ohio Revised Code.

"2. Section 2311.14 of the Ohio Revised Code as interpreted and applied by the trial court, is unconstitutional in that it denies the plaintiff equal protection of the law and is violative of the Fourteenth Amendment to the United States Constitution.

"3. Section 2311.14 of the Ohio Revised Code, as interpreted and applied by the trial court, is unconstitutional in that it deprives the plaintiff of the property right of a 'right of action' without the due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

"4. Section 2311.14 of the Ohio Revised Code, as interpreted and applied by the trial court, is unconstitutional in that it deprives the plaintiffs of their property right in a damage award without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

"5. The trial court's failure to grant interpreter's fees would place an undue burden upon the assertion of meritorious claims in court by impaired

plaintiffs and therefore, constitutes a penalty unauthorized by law." * * *■

The first five assignments of error are combined for discussion as they all relate to the same issue, which is whether the trial court erred in failing to assess interpreter fees as part of the costs of the action.

R.C. 2311.14 provides, as pertinent, as follows:

"(A) Whenever because of a hearing, speech, or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person.

"* * *

"(C) The court shall determine a reasonable fee for all such interpreter service which shall be paid out of the same funds as witness fees."

R.C. 2335.06 provides for witness fees in civil cases to be taxed in the bill of costs.

Civ. R. 54(D) provides as follows:

"(D) Costs. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

Thus, interpreter fees are to be taxed as part of the costs which shall be allowed to the prevailing party unless the court otherwise directs. Directing otherwise is a discretionary determination reversible only for an abuse. The issue, therefore, is whether the trial court abused its discretion in refusing to allow interpreter fees to the prevailing party.

There was no question that plaintiffs were the prevailing parties in the litigation. Cervi was found to have breached its contract to construct a chimney in a proper fashion and damages were assessed in the amount of $1,600. No cross-appeal has been raised to the amount of damages. The only basis for the trial court's determination, that interpreter fees should not be allowed to plaintiffs, the prevailing parties, was that after the defect became apparent and plaintiffs were ordered to remove the chimney for safety purposes, plaintiffs (according to the trial court) did not negotiate in good faith with defendant who had originally been responsible for building an improper chimney and, instead, got only one estimate and allowed that company to rebuild the chimney at a cost of $2,800. The trial court noted that because of plaintiffs' inability to communicate, being deaf, and the language difficulty of the owner of Cervi Construction, he being of foreign derivation and unable to speak English well, communication was difficult on both sides. Be that as it may, there was no valid reason to deny plaintiffs the reasonable costs of interpreter fees as part of the costs of the action. Plaintiffs were not required to negotiate with defendant, who was found to have originally botched the job, to have it redo the work. The trial court noted that defendant wanted $800 from plaintiffs to redo the work, which was wrong because defendant had the obligation of doing it over again at no charge. Defendant had attempted to blame the problem on excessive wind and to have plaintiffs assess the cost against their insurance carrier. The insurer inspected the damage and unequivocally denied (and correctly) that wind was the cause of the chimney leaning away from the home. Understandably, plaintiffs did not want defendant to rebuild the chimney. Also, plaintiffs would have had to give up their legal rights against defendant and to pay an additional $800 in order to have the job done again.

Interpreter fees are an additional cost of litigation in the case of a handicapped person needing that assistance. If the handicapped person does not prevail, it will be an additional charge that he must bear as part of the costs. If

the non-handicapped party to the litigation does not prevail, costs which include the addition of the interpreter fees must ordinarily be paid by that party. Interpreter fees simply make the cost of litigation higher for either party who is not the prevailing party. Costs must be paid by the non-prevailing party even though what constitutes reasonable costs may be different in one case as opposed to another.

To interpret the statutory and rule provisions for payment of costs in a manner that would place an uneven burden upon the handicapped person to pay interpreter fees even when prevailing in the litigation would be unfair and probably unconstitutional. We need not, however, decide the constitutionality of the statutes and Civ. R. 54(D) because, as interpreted herein, there is no uneven application between handicapped and non-handicapped persons. The handicapped party prevailed and is entitled, as usual, to recover interpreter fees needed to carry on the litigation as part of the costs.

Appellant's first assignment of error is sustained. Appellant's second, third, fourth and fifth assignments of error are overruled. * * *

The case is remanded to the trial court with instructions to revise the judgment entry to allow, as part of the costs of the action to be assessed in favor of the prevailing party, the reasonable costs of interpreter fees incurred by plaintiffs. The judgment is otherwise affirmed.

*Judgment reversed in part, affirmed in part, and cause remanded.*

STRAUSBAUGH and STILLMAN, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.