# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| LEONOR MERCEDES PALERMO | **Plaintiff** ) | CASE NO. SX-08-CV-0000599 |
| | ) | |
| | ) | ACTION FOR:  DAMAGES - CIVIL |
| | ) | |
| | **vs** ) | |
| | ) | |
| WORLD FRESH MARKET, LLC | ) | |
| | ) | |
| | ) | |

**Defendant**

# NOTICE OF ENTRY OF
# MEMORANDUM OPINION

TO:   LEE J. ROHN, ESQ.
MICHAEL L. SHEELSEY, ESQ.
DWYER ARCE, ESQ.
MAGISTRATES OF THE SUPERIOR COURT
JUDGES OF THE SUPERIOR COURT
IT DEPARTMENT
TAMARA CHARLES
LAW CLERKS

Please take notice that on January 28, 2020 a(n) MEMORANDUM

OPINION dated January 27, 2020   was entered by the Clerk in the above-entitled

matter.

Dated: January 28, 2020

Estrella H. George
Clerk of the Court

SHAMAR SIMMONDS
COURT CLERK II

FOR OFFICIAL PUBLICATION

**SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| LEONOR MERCEDES PALERMO, | ) | CASE NO. SX-08-CV-599 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ACTION FOR DAMAGES |
| v. | ) | |
| | ) | |
| WORLD FRESH MARKET, L.L.C a/k/a PUEBLO, | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Cite as: 2020 VI Super 20

Appearances:

**LEE J. ROHN, ESQ.
RHEA LAWRENCE, ESQ.**
Lee J. Rohn and Associates, LLC
Christiansted, VI 00820
*For Plaintiff*

**MICHAEL L. SHEESLEY, ESQ.**
Michael L. Sheesley, P.C.
St. Thomas, VI 00803
*For Defendant*

**DWYER ARCE, ESQ.**
Kutak Rock LLP
Omaha, NE 68102
*For Defendant*

## MEMORANDUM OPINION

**MOLLOY,** *Judge.*

¶1     **BEFORE THE COURT** is a motion for award of costs filed by the Plaintiff, Leonor Mercedes Palermo ("Palermo"). The Defendant, World Fresh Markets, L.L.C. also known as Pueblo ("Pueblo"), opposes the motion, objecting to several requests as not recoverable under the statute. Following oral argument, the Court took the motion under advisement. Upon further consideration, the Court concludes, out of an abundance of caution, that the motion is ripe for determination. And for the reasons stated below, Palermo's motion for costs will be granted in part and denied in part.

## I. BACKGROUND

¶2     Palermo slipped and fell in Pueblo's supermarket in Golden Rock on St. Croix and sued for damages. A jury awarded her $600,000 in non-economic and economic damages as well as past and future medical expenses. The jury returned the verdict on November 9, 2019. The Court entered the judgment on November 12, 2019, which also set a deadline for post-trial motions. Palermo, on November 18, 2019, filed a motion for an award of costs. Pueblo, on December 10, 2019, filed its response in opposition. Palermo, on December 19, 2019, filed her reply in support. The Court heard arguments on January 23, 2019 and reserved ruling on the motion.

## II. DISCUSSION

### A. Preliminary Matters

¶3     Before turning to the merits, the Court first explains its reason for reversing the bench ruling and deciding Palermo's motion. The Court had withheld ruling based on precedent of the Supreme Court of the Virgin Islands holding that motions for an award of costs and fees are not ripe until after the conclusion of all appellate proceedings. *See, e.g., Hodge v. Bluebeard's Castle, Inc.,* 62 V.I. 671, 700 (2015) ("[T]he Superior Court has no way to determine which party is the 'prevailing party' while the litigation is ongoing." (citing *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.,* 50 V.I. 276, 280-81 (2008) (*per curiam*))). But more recent precedent has also questioned what "'the better practice'" is, *In re: Royer,* S. Ct. Civ. No. 2014-0033, 2014 V.I. Supreme LEXIS 34, *4 (V.I. June 30, 2014), in large part because costs and fees "shall be allowed . . . *in the judgment* . . . ." *Mahabir v. Heirs of George,* 63 V.I. 651, 665 n.7 (2015) (quoting 5 V.I.C. § 541(b)); *accord* 5 V.I.C. § 543(a) ("A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."); *see also* V.I. R. Civ. P. 54(d)(1)(D) ("Upon allowance the bill of costs shall be included in the judgment or decree.").

¶4     Yet, regardless of whether "'the better practice,'" *id.* (quoting *Royer,* 2014 V.I. Supreme LEXIS 34 at *4), is to defer ruling on costs, or to defer entering judgment until costs are awarded, *cf. id.,* Supreme Court precedent is also clear that motions for costs and fees are "not ripe for adjudication while an *appeal is pending.*" *Hodge,* 62 V.I. at 700 (emphasis added); *accord Hansen v. Bryan,* 68 V.I. 603, 610 (2018) ("[M]otions for costs and attorney's fees pursuant to title 5, section 541 of the Virgin Islands Code, . . . are not ripe for consideration by the Superior Court *if an appeal has been*

*taken*, since the prevailing party may very well change as a result of the appeal." (emphasis added)).

In this instance, no appeal has been taken yet. Since the rule "preventing the Superior Court from ruling on a[] .. [costs and] fees motion in time to be appealed along with the underlying judgment encourages piecemeal appeals," *Mahabir*, 63 V.I. at 665 n.7, and given that Palermo may wish to appeal the partial denial of her cost motion, the Court, on further review, has decided to err on the side of caution and rule on the motion. *Cf. id.* (noting "the failure to request attorney's fees and costs before the Superior Court enters its final judgment would result in waiver.").

## B. Merits

¶5    Turning to the merits, Palermo, in her motion, requests costs pursuant to section 541, title 5 of the Virgin Islands Code ("section 541"). In support, she attached a three-page affirmation of her attorney, Lee J. Rohn, Esq., which "assert[s] that the following items of expense ... [were] necessarily incurred in this case ... " (Rohn Affirm., Ex. 1, attached to Pl.'s Mot. for Award of Costs, filed Nov. 18, 2019.)

| Date | Description | Amount |
| --- | --- | --- |
| 10/17/2019 | Witness fee Isabel Mercedes Ortiz | $4.00 |
| 10/17/2019 | Witness fee Giret Mercedes | $4.00 |
| 10/17/2019 | Witness fee Valentina Geronimo de la Cruz | $4.00 |
| 10/18/2019 | Witness fee Otto Guzman | $4.00 |
| 10/18/2019 | Witness fee Dominga Zorille | $4.00 |
| 10/21/2019 | Witness fee Barry Whyte | $4.00 |
| 12/5/2008 | Court Filing Fee | $50.00 |
| 12/11/2008 | Service of Process on Pueblo | $50.00 |
| 3/31/2009 | Cost JFL Hospital 9/1/08 records | $41.00 |
| 6/18/2012 | Cost Dr. Jett Med records | $30.00 |
| 8/3/2016 | Cost Dr. Jett updated records | $48.00 |
| 9/12/2016 | Translation for deposition of Otto Guzman | $180.00 |
| 10/2019 | Translation for trial preparation – Carrion | $1,500.00 |
| 11/2019 | Translation for trial-Carrion | $6,307.50 |
| 2/26/2013 | Deposition transcript of Leonor Palermo | $241.00 |
| 2/26/2013 | Deposition transcript of WFM Osama Nakhleh | $1,025.95 |
| 2/26/2013 | Deposition transcript of Otto Guzman | $178.20 |
| 2/26/2013 | Deposition transcript of Jorge Coppin | $419.25 |
| 11/21/2013 | Deposition transcript of Theodore Patterson | $866.10 |
| 11/21/2013 | Deposition transcript of Leonor Palermo | $222.80 |
| 11/21/2013 | Deposition transcript of Isabel Mercedes Ortiz | $150.80 |
| 11/21/2013 | Deposition transcript of Jose Gilbert | $132.80 |
| 11/21/2013 | Deposition transcript of Valentina de la Cruz | $197.60 |

| 8/24/2016 | Deposition transcript of Leonor Palermo | $371.90 |
| 8/27/2018 | Video deposition of Dr. Gary Jett | $500.00 |
| 11/8/2016 | Deposition transcript of Dr. Gary Jett | $606.70[1] |
| 6/26/2019 | Deposition transcript of Dr. Pedersen | $697.25 |
| 7/10/2019 | Video deposition of Sheila Justice | $225.00 |
| 7/10/2019 | Deposition transcript of Sheila Justice | $394.35 |
| 10/17/2019 | Service of Process Isabel Mercedes Ortiz | $60.00 |
| 10/17/2019 | Service of Process Giret Mercedes | $60.00 |
| 10/18/2019 | Service of Process Dominga Zorille | $60.00 |
| 10/18/2019 | Service of Process Otto Guzman | $60.00 |
| 10/18/2019 | Service of Process Osama Nakhleh | $75.00 |
| 10/30/2019 | Deposition Transcript Antonio Maysonet | $433.15 |
| 11/5/2019 | Service of Process Custodian of Records JFL | $60.00 |

*Id.* at 1-2. Palermo attached additional supporting documentation to her attorney's affirmation, including invoices for serving process and subpoenas, for the cost of copying Palermo's medical records, for Spanish interpretation services provided to Palermo during trial, and for several stenographers who transcribed depositions and prepared transcripts.

¶6     Pueblo, in opposition, asserts that Palermo "is not entitled to be reimbursed for all costs that [she] may have expended." (Def.'s Opp'n to Pl.'s Mot. for Award of Costs 1, filed Dec. 10, 2019.) And Pueblo contends that Palermo "has requested . . . costs that are outside the scope or otherwise not awardable pursuant to 5 V.I.C. § 541." *Id.* at 2 (italics omitted). Specifically, Pueblo contends that prevailing parties cannot obtain the costs associated with deposing their own witnesses. *See id.* ("Plaintiff should not be awarded costs for the transcripts of Plaintiff's own witnesses that were taken by World Fresh in this case."). Pueblo further contends that the cost of deposing treating physicians are not recoverable. *See id.* at 3 n.7 (citing *Kriegel v. St. Thomas Beach Resorts, Inc.*, 18 V.I. 365 (D.V.I. 1981)). Pueblo also contends that the costs of depositions taken but not used at trial, which were "merely investigative in nature," should not be awarded. *Id.* at 5; *see id.* at 5 n.8 (citing *Dockery v. Gov't of the V.I.*, Civ. No. 405/83, 1985 WL 126450 / 1985 V.I. LEXIS 49 (V.I. Terr. Ct. May 14, 1985)). Lastly, Pueblo contends that costs associated with copying records also may not be awarded. *See id.* at 5-6 & n.9 (citing *Bedford v. Pueblo Supermarkets of St. Thomas, Inc.*, 18 V.I. 275 (Terr. Ct. 1981)).

---

[1] The invoices show that this cost was incurred on September 4, 2018, for a deposition taken on August 27, 2018. The Court assumes the date listed in the motion is a scrivener's error.

¶7     Palermo rejects all of Pueblo's objections. Citing *Terrell v. Coral World*, 55 V.I. 580 (2011), Palermo counters that the Supreme Court of the Virgin Islands "has set out what . . . costs are allowed." (Pl.'s Reply to Opp'n to Mot. for Costs 2, filed Dec. 19, 2019.) And Palermo concludes that all the costs she requested are recoverable. She counters that "[n]o one owns a witness." *Id.* at 4. Individuals had to be deposed and then subpoenaed for trial. "[T]hey either did not want to voluntarily come to trial or they were working and had to have a subpoena to get off of work." *Id.* And even if certain requests do fall outside the language of section 541, courts have discretion to award other costs beyond those listed in the statute. *See id.* at 5-6 (citing *Pedro v. Huggins*, 53 V.I. 98 (Super. Ct. 2010)). Palermo further claims, and reiterated in oral argument, that refusing to award the costs of the interpreter would be tantamount to denying her due process. She "is entitled to participate in her trial and to understand what the court and the witnesses and the lawyers are saying . . . ." *Id.* at 5. The Court disagrees.

¶8     "At common law, costs were not allowed." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975), *superseded by statute on other grounds*, 42 U.S.C. § 1988; *accord Ritter v. Ritter*, 46 N.E.2d 41, 43 (Ill. 1943) ("At common law costs were never recoverable, nor was the successful plaintiff entitled to recover from the unsuccessful defendant his attorney fees or expenses of litigation as damages."). By enacting a statute that permits costs to be recovered, the Legislature abrogated the common law. Generally, "statutes . . . in derogation of the common law . . . must be strictly construed." *Hansen v. O'Reilly*, 62 V.I. 494, 520-21 (2015) (footnote omitted). However, "[w]here a statute is both remedial and in derogation of the common law it is usual to construe strictly the question of whether it does modify the common law, but its application should be liberally construed." *Albuquerque Hilton Inn. v. Haley*, 565 P.2d 1027, 1029 (N.M. 1977) (citation omitted). But liberal construction of statutes in derogation of the common law cannot be so liberal that the statute is rewritten or disregarded. "'Courts are not authorized to rewrite, revise, modify, or amend statutory language in the guise of interpreting it.'" *People v. Noel*, 68 V.I. 196, 210 (Super. Ct. App. Div. 2017) (brackets omitted) (quoting *In re: Joseph*, 65 V.I. 217, 228 (2016)); *accord Terrell*, 55 V.I. at 589 (rejecting request to judicially increase monetary amount authorized by statute). Moreover, when interpreting any statute, the plain meaning controls. *See id.* at 587.

¶9     Under Virgin Islands law, costs recoverable in civil actions include: (1) fees of officers, witnesses, or jurors; (2) deposition expenses reasonably necessary in the action; (3) publication of the summons or notices, and postage if summons is mailed; (4) compensation of masters; (5) costs of copying public records, books, or documents admitted into evidence at trial; and (6) attorney's fees, except in personal injury cases. *See generally* 5 V.I.C. § 541(a)-(b). "Costs . . . must be taxed, whether or not they have been paid by such party." 5 V.I.C. § 543(c). But first,

> the party claiming any item of cost shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed

*Id.* § 543(b). "Copies of all invoices in support of the request for each item shall be appended to the verified bill of costs." V.I. R. Civ. P. 54(d)(1)(C). If allowed by the court, or the clerk,[2] the costs must

---

[2] In federal court, the clerk determines costs in the first instance. *See In re: Williams Sec. Litig—WCG Subclass*, 558 F.3d 1144, 1146 (10th Cir. 2009) ("'[A] bill of costs is initially filed with the clerk rather than with the court.'" (quoting *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 n.11 (10th Cir. 1987)); *see also id.* (noting that the clerk held a hearing on the requests for costs before issuing orders). This is also the standard practice in many state courts. *Cf. Ragain v. Basu*, Nos. 115,877, 116,147, 2017 WL 2714924, *9 (Kan. Ct. App. June 23, 2017) ("At the end of civil cases generally, 'costs' are 'taxed' by the clerk of the court—in traditional civil actions, against the losing party."); *Haseltine v. St. Louis & San Fran. R.R. Co.*, 39 Mo. App. 434, 440 (1890) ("In this state the costs are taxed by the clerk without the intervention of either party."); *Cepeda v. Hertz Corp.*, 584 N.Y.S.2d 33, 34 (App. Div. 1992) ("[T]axation of costs is a ministerial act solely within the province of the clerk, subject thereafter to judicial review upon motion." (citation omitted)); *In re: Estate of Tucci*, 408 S.E.2d 859, 864 (N.C. Ct. App. 1991) ("'[T]he act of the clerk in taxing the costs is ministerial and is subject to revision by the trial judge' . . . ." (citation omitted)); *accord Ochoa-Bunsow v. Soto*, 587 S.W.3d 431, 446 (Tex. App. 2019); *Martell v. Klingman*, 105 N.W.2d 446, 455 (Wis. 1960). The practice in the Superior Court of the Virgin Islands has differed in recent years, however, because "the Superior Court d[id] not follow the procedure in the District Court of the Virgin Islands . . . ." *Sound Sols. v. Gov't of the V.I.*, Case No. ST-12-CV-88, 2015 V.I. LEXIS 119, *3 (V.I. Super. Ct. Sep. 28, 2015). "Rather than filing a bill of costs with the Clerk of Court, a prevailing party to a Superior Court action typically files a motion for attorney's fees and costs that is reviewed by the judge presiding over the matter." *Id. But cf.* Terr. Ct. R. 49 ("The action of the clerk in taxing the costs may be reviewed by the court on motion."), *reprinted in* V.I. Code Ann., tit. 5 App'x IV (3d ed. 1982). However, the Virgin Islands Rules of Civil Procedure, which were promulgated in 2017, are patterned largely on the Federal Rules of Civil Procedure. *Cf. Atrium, V.I., LLC v. Atrium Staffing, LLC*, 69 V.I. 259, 280 (Super. Ct. 2018) ("The Virgin Islands Rules of Civil Procedure are near mirror images of the Federal Rules of Civil Procedure . . . ."). But the Virgin Islands Rules of Civil Procedure are silent on whether the clerk can tax costs. *See generally* V.I. R. Civ. P. 54(d)(1). The Virgin Islands Code is also silent. The Virgin Islands Rules of Appellate Procedure at least imply that the Clerk of the Supreme Court of the Virgin Islands may tax costs in the first instance insofar as the "itemized and verified bill of costs . . . shall [be] file[d] with the Clerk of the Supreme Court . . . within 14 days after the entry of judgment," V.I. R. App. P. 30(b), and all documents are filed with the Clerk. Cf. V.I. R. App. P. 15(b) ("Papers required or permitted to be filed in the Supreme Court shall be conventionally or electronically filed with the Clerk of the Supreme Court . . . ."). Identifying the Clerk as the recipient of a bill of costs would be redundant if the Clerk could not tax costs. However, costs in the Virgin Islands also includes attorney's fees. *See* 5 V.I.C. § 541(b). And discretion is required to determine attorney's fees. *See id.* Clarification is necessary here, given the routine practice of courts across the country, and considering that the Clerk may enter some judgments, *cf.* V.I. R. Civ. P. 55(b)(1). The Clerk of the Superior Court of the Virgin Islands may be able to assist with "the just, speedy, and inexpensive determination of every action and proceeding," V.I. R. Civ. P. 1, particularly when costs must be "included in the judgment or decree." 5 V.I.C. §

be "included in the judgment or decree." 5 V.I.C. § 543(a); *accord* V.I. R. Civ. P. 54(d)(1)(D) ("Upon allowance the bill of costs shall be included in the judgment or decree.").

### 1. Witness Fees

¶10    Palermo is clearly entitled to recoup the fees paid to her witnesses. Witnesses who attend depositions or trial are entitled to a fee of $4.00 per day if they reside in the same judicial division in which the trial or deposition is held; otherwise, the fee is $8.00 per day. *See* 5 V.I.C. § 660. Here, Palermo seeks to recoup $4.00 each for Isabela Mercedes Ortiz, Giret Mercedes, Valentina de la Cruz, Otto Guzman, Domina Zorille, and Barry Whyte. (*See* Rohn Affirm. 1.) Although several witnesses gave testimony at a deposition and at trial, and most witnesses appeared at trial more than one day—since the practice in the Superior Court is to present witnesses to the prospective jurors during voir dire—Palermo only seeks a total of $4.00 for each person. The $8.00 witness fee for her experts was not requested. Given the reasonableness of her request, witness fee costs totaling $24.00 will be taxed to Pueblo.

### 2. Necessary Expenses of Taking Depositions

¶11    Palermo is also entitled to recoup the fees for the "[n]ecessary expenses of taking depositions . . ." 5 V.I.C. § 541(a)(2). Although Pueblo argues that prevailing parties should not be awarded the cost of taking the depositions of their own witnesses, this Court disagrees. "[T]he purpose of a deposition is to find out what the witness saw, heard and knows, or what the witness thinks, through a question and answer conversation between the deposing lawyer and the witness." *Damaj v. Farmers Ins. Co.*, 164 F.R.D. 559, 560 (N.D. Okla. 1995). It is also "to memorialize testimony . . . ." *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 277 F.R.D. 286, 297 (E.D. Va. 2011). And "the purpose of a deposition, at least as far as a treating physician is concerned, is to allow the interested parties, both the plaintiff and defendant, to learn or 'discover' the opinion of that physician." *Petrillo v. Syntex Labs., Inc.*, 499 N.E.2d 952, 963 (Ill. Ct. App. 1986). And "transcripts of depositions are necessary so that an attorney may impeach a witness testifying at trial." *Molnar v. Elgin, Joliet & E. Ry. Co.*, 697 F. Supp. 306, 312 (N.D. Ill. 1988). Thus, even though section 541 addresses the "taking" of depositions,

---

543(a). The better approach may be for the Clerk to tax costs in cases where attorney's fees are not allowed, *see* 5 V.I.C. § 541(b) (attorney's fees prohibited in personal injury cases), and tax all nondiscretionary costs in cases where attorney's fees are allowed. *Cf. Holleyman v. Holleyman*, 78 P.3d 921, 942 n.18 (Okla. 2003) ("Statutory costs are 'taxed' by the court while equitable expenses are 'allowed' by a judge's ruling.").

and not cost associated with transcribing them, the Court concludes that obtaining a transcript of a deposition is a "necessary" part of taking that deposition. Accordingly, the Court will grant Palermo's request for the costs associated with her depositions, the depositions of Pueblo's corporate representatives, Mr. Nakhleh and Mr. Patterson, as well as the depositions of Mr. Guzman, Mr. Coppin, Ms. Ortiz, Mr. Gilbert, and Ms. de la Cruz as lay witnesses,[3] and Dr. Jett, Dr. Pedersen, and Ms. Justice,[4] as expert witnesses. And in so doing, the Court rejects Pueblo's reliance on *Kriegel*.

¶12    *Kriegel* held "that deposition costs and fees of medical doctors who treated a party are not generally recoverable as costs." 18 V.I. at 368. But to reach that conclusion, *Kriegel* relied on federal precedent. *See id.* (citing *Morris v. Carnathan*, 63 F.R.D. 374 (D. Miss. 1974); *Johnson v. Baltimore & Ohio R.R. Co.*, 65 F.R.D. 661 (N.D. Ind. 1974); and *Koppinger v. Cullen-Schiltz & Assocs.*, 513 F.2d 901, 904 (8th Cir. 1975)). And federal law authorized "tax[ing] as costs 'fees of the court reporter for all or any part of the stenographic transcript *necessarily obtained for use in the case.*'" *Morris*, 63 F.R.D. at 379 (quoting 28 U.S.C. § 1920(2)). Section 541 does not restrict awarding costs to depositions "used" in the case. *Accord* V.I. Code Ann., tit. 5, § 541 editor's note (1997 ed) (allowing for "the cost of taking depositions . . . even though they may not have been used at trial."). Instead, deposition expenses are recoverable if the depositions "were reasonably necessary in the action." 5 V.I.C. § 541(a)(2). Taking a deposition can be reasonably necessary in the action when it "eliminates the pursuit of issues or . . . inform[s] decisions as to the future course of the litigation." *E.I. du Pont de Nemours & Co.*, 277 F.R.D. at 297. Since *Kriegel* applied the federal taxation of costs statute, and not the Virgin Islands taxation of costs statute, it is not persuasive.

### 3.    Fees of Process and Subpoena Servers

¶13    Palermo's request for costs regarding serving process and subpoenas must be denied. First, Palermo cited no authority to support her request to recover the fees for serving process and

---

[3] The costs of deposing Mr. Maysonet will also be disallowed because the same costs are being awarded separately as a sanction against Pueblo's attorney.

[4] Palermo supported her request regarding Ms. Justice's deposition by referring to earlier depositions, which supposedly took place before a September 10, 2018 trial date was canceled when summary judgment was entered. *But see Palermo v. World Fresh Mkt, LLC*, Case No. SX-08-CV-599, 2018 V.I. LEXIS 138, *1 (V.I. Super. Ct. Dec. 28, 2018). Palermo is confused, however, because the invoices show that the deposition of Ms. Justice occurred on June 18, 2019 in Pensacola, Florida at Pueblo's request. (*See* Def.'s Notice of Dep. of Sheila Justice, filed May 29, 2019.). Because those invoices support her request, the Court granted it, notwithstanding counsel's confusion.

subpoenas. During oral argument, however, she claimed that process servers are "officers" under section 541. *See* 5 V.I.C. § 541(a)(1)("Fees of officers, witnesses, and jurors."). According to Palermo, because process servers are bonded and authorized by the Superior Court to serve process, that makes them "officers." The Court is not convinced.

¶14   Section 82, title 4 of the Virgin Islands Code authorizes the designation of "other persons . . . to serve . . . process." 4 V.I.C. § 82(b). An "officer" is "any person authorized by law to perform the duties of the office." 1 V.I.C. § 41. And "office" generally refers to "[a] position of duty, trust or authority, esp. one conferred by a governmental authority for a public purpose." *Black's Law Dictionary* 1254 (10th ed. 2014). But process servers do not hold "office." The Virgin Islands Code also implies that process servers are not officers. Section 82(d) of title 4 of the Virgin Islands Code provides that, "[w]here the law, or the [Virgin Islands] Rules of Civil Procedure, does not specifically require process to be served by an *officer of the court*, process may be directed to and served by a disinterested person named therein" (emphasis added). Clearly, the law distinguishes between "officer[s] of the court" who can serve process and subpoenas, and "disinterested person[s] . . . authorized . . . [and] sworn to the truth of the return," 4 V.I.C. § 82(d). If process servers were considered officers, the Code would not distinguish between "such other officers *or persons* as may be designated by the court." 4 V.I.C. § 82(b) (emphasis added).

¶15   But more importantly, even if process servers can be considered "other officers . . . designated by the court," *id.*, Palermo did not request costs under section 82, which does allow for taxing fees for serving process and subpoenas "against the opposing party" but not "in excess of the taxable fees of the Virgin Islands marshal . . . had such process been served by a marshal." 4 V.I.C. § 82(d). The fee, currently, for a marshal to serve process is $50.00. *See* 4 V.I.C. § 517. Moreover, Palermo ignores that, under the predecessor to section 541, in the former Code of Laws for the Municipality of St. Thomas / St. John and the Code of Laws for the Municipality of St. Croix (hereinafter "the 1921 Codes"), "'costs' included only fees for filing pleadings, fees for serving summons, and attorney's fees." V.I. Code Ann., tit. 5, § 541 editor's note (1997 ed.). But those fees were removed from section 541 when the Virgin Islands Code was promulgated. While the fees for a process server to serve process or a subpoena may be recoverable under section 82, title 4, Palermo did not make a request under that statute. And it is not the duty of the Court to find

statutory or decisional support for a movant or to make her arguments for her. *Accord Terrell*, 55 V.I. at 585-86 & nn. 5-6 (noting that requests for travel expenses were made under 5 V.I.C. § 541, not 5 V.I.C. § 660, limiting review to that authority, and declining to address whether courts can award costs under inherent authority) ("Terrell's travel costs, related to transporting witnesses to testify at trial, are not among the list of reimbursable costs under section 541, and are, therefore, unrecoverable pursuant to *that statute*." (emphasis added)). Other courts have allowed filing and process server fees under section 541. *See, e.g.*, John v. Maldonado, 26 V.I. 129, 140-41 (Terr. Ct. 1991; *accord Bedford*, 18 V.I. at 278. But this Court starts first with the plain language of the statute and section 541 does not authorize taxing the costs of serving process and subpoenas to the non-prevailing party.

### 4.      Filing Fee

¶16      Palermo next requests that the Court tax the costs of the fee for filing her complaint, which was $50.00 in 2008. However, for the same reasons stated above regarding the predecessor to section 541, the Court denies this request as well. The Legislature did not include the cost for filing a complaint as a cost that can be recouped if the plaintiff is the prevailing party. And "when a statute authorizes taxation of costs, '"costs" are not synonymous with expenses unless expressly made so by statute.'" *Terrell*, 55 V.I. at 591 n.14 (citation omitted). Courts are restricted to

> limiting "costs" to what is specifically provided for in a fee-shifting statute . . . to avoid "absurd situations" that the legislature could not have intended, such as placing a litigant "with the burden of paying exorbitant professional witness fees which may very well exceed the amount of the verdict itself."

*Id.* (quoting *Benda v. Fana*, 227 N.E.2d 197, 201 (Ohio 1967)). Having been awarded $600,000 by a jury, Palermo will not be placed in an absurd situation if she absorbs the $50.00 filing fee cost.

### 5.      Medical Records and Interpreter Services

¶17      For the same reasons, the Court denies Palermo's request to tax the costs she incurred in obtaining copies of her medical records and for translation and interpreter fees. Section 541 does authorize taxing "[n]ecessary expense of copying any public record, book, or document used as evidence [i]n the trial." 5 V.I.C. § 541(a)(5). But as Pueblo notes, "medical records are not 'public records' . . . ." (Opp'n 5.) Furthermore, courts in the Virgin Islands have repeatedly held that "photocopying and other reproduction costs are nonreimbursable." *Lempert v. Singer*, 29 V.I. 169, 171 (D.V.I. 1993) (citing *Bedford*, 18 V.I. at 278; *Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co.*,

754 F. Supp. 459, 464 (D.V.I. 1991); *Stevens v. Padmore*, 15 V.I. 294, 299 (Terr. Ct. 1987)). Palermo will not be placed in an absurd result by absorbing the $119.00 she spent to obtain copies of her medical records.

¶18    Additionally, while the Court is sympathetic to Palermo's request for translation and interpreter fees, "[t]he costs of the . . . the interpreters' fees . . . [are] outside the scope of 5 V.I.C. § 541." *Bedford*, 18 V.I. at 278. Palermo cites to *Huebner v. Cervi*, 483 N.E.2d 1204 (Ohio Ct. App. 1984), in support. However, *Huebner* had statutory support for its conclusion that "interpreter fees are to be taxed as part of the costs which shall be allowed to the prevailing party. . . ." *Id.* at 1205; *see id.* at 1205 (citing Ohio Rev. Code Ann. § 2311.14); *accord Starner v. Starner*, 2010-Ohio-4620, ¶ 15 (Ct. App.) ("Reading R.C. 2311.14 in conjunction with R.C. 2335.06, it is clear that there is statutory authority to tax interpreters' fees as costs."). Virgin Islands law authorizes "the services of an interpreter . . . [when] deemed by the judge . . . to be required . . . ." 4 V.I.C. § 323. And the Court appointed interpreters for Palermo during trial. But nothing in section 541 allows the Court to tax the costs for translating depositions from English to Spanish or providing interpreter services during depositions to the non-prevailing party. "[T]o the extent the Legislature wishes for prevailing parties to recover the . . . fee[s paid for translation and interpreter services] . . . the Legislature must make its intent clear by expressly authorizing such a recovery in the pertinent statute." *Terrell*, 55 V.I. at 591 n.14. Accordingly, the Court denies Palermo's request to tax interpreter and translation fees to Pueblo. *Accord Bedford*, 18 V.I. at 278.

### III.    CONCLUSION

¶19    For the reasons stated above, the Court will tax $24.00 in witness fees and $6,229.70 in deposition expenses, for a total of $6,253.70 in costs to Pueblo. Palermo's request to tax the fees of translation and interpreter services, serving process and subpoenas, and the filing fee are denied. An appropriate order and an amended judgment follows.

**Date:** January 27, 2020

_____
**ROBERT A. MOLLOY**
Judge of the Superior Court

**ATTEST:**
ESTRELLA H. GEORGE
Clerk of the Court
By: _____
Court Clerk, II
Dated: ___1/27/2020___